UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF THE 1199SEIU NATIONAL
BENEFIT FUND FOR HOME CARE EMPLOYEES,

                Plaintiff,                        MEMORANDUM & ORDER
                                                  07-CV-523 (JS)(ARL)
    -against-

ROGER RODRIGUEZ, Administrator of the
Estate of Maria Lopez, and
ANDREW ROSNER, ESQ.,

                Defendants.
----------------------------------------X
Appearances:
For Plaintiff:      Suzanne Alissa Metzger, Esq.
                    1199SEIU National Benefit Fund
                    330 West 42nd Street
                    New York, NY 10036

For Defendants:     Andrew Rosner, Esq.
                    David Shumer, Esq.
                    600 Old Country Road, Suite 307
                    Garden City, NY 11530

SEYBERT, District Judge:

       Plaintiff Trustees of the 1199SEIU National Benefit Fund for Home Care Employees ("Plaintiff") commenced this action via order to show cause on February 6, 2007 seeking, inter alia, a temporary restraining order ("TRO") and preliminary injunction ("PI") creating an equitable constructive trust and a declaration of rights pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq. After a number of consensual extensions, Defendants Andrew Rosner, Esq.

and Roger Rodriguez, as Administrator of the Estate of Maria Lopez (collectively, "Defendants"), opposed Plaintiff's request for a TRO and PI and filed a cross-motion to dismiss the Complaint on March 14, 2007.

The Parties appeared before this Court on May 11, 2007 for a hearing on the TRO and PI application. At the hearing, Plaintiff withdrew its application for a TRO and PI. (TRO Hr'g Tr. 13, May 11, 2007.) The Parties indicated at the hearing that they might be able to reach an agreement if Defendants were not potentially challenging whether 1199SEIU National Benefit Fund for Home Care Employees (the "Fund") is an ERISA plan. (Hr'g Tr. 9.) As a result, both Parties requested that this Court issue an Order as to whether the Fund is an ERISA plan.

Plaintiff contends that the Fund is a multi-employer trust fund established in accordance with Section 186(c) of the Labor Management Relations Act of 1947, and "employee welfare benefit plan" as that term is defined in ERISA, and a Voluntary Employee Beneficiary Association, as that term is defined in Section 501(c)(9) of the Internal Revenue Code. (Compl. ¶ 2.) Moreover, Plaintiff asserts that the Fund is not an insurance company, but is a trust fund and self-funded employee welfare plan governed by ERISA that provides eligible participants health benefits, such as hospitalization, medical, and prescription drug

coverage. (Id. ¶ 3.) Although Defendants do not contest these allegations, they do not consent to the fact that the Fund is an ERISA plan. Defendants merely argue that it is incumbent upon the Fund to prove that it is an ERISA plan. (Hr'g Tr. 12.)

Section 3(1) of ERISA defines an "employee welfare benefit plan" or a "welfare plan" as

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for it participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . .

29 U.S.C. § 1002(1). The Department of Labor has issued regulations that further clarify the definition "by identifying certain practices which do not constitute employee welfare benefit plans." 29 C.F.R. § 2510.3-1. For example, a plan is not governed by ERISA if the employer does not contribute to its cost, employee participation in the plan is completely voluntary, the employer does not endorse the plan, and the employer receives no consideration in connection with the plan. See id. § 2510.3-1(j); see also Ehrenspeck v. Spear, Leeds & Kellogg, 389 F. Supp. 2d 485, 489 (S.D.N.Y. 2005).

Besides the fact that Plaintiff avers that the Fund is an "employee welfare benefit plan" as defined in ERISA, Plaintiff alleges that the Fund is entirely financed with contributions from contributing employers pursuant to various collective bargaining agreements and that union employees are participants in the Fund pursuant to the collective bargaining agreements. (Compl. ¶¶ 5-6.) In addition, the Fund distributes a summary plan description, which describes, in plain English, the terms of coverage provided by the Fund and is distributed to all participants pursuant to ERISA's requirements. (Id. ¶ 4.) Furthermore, Plaintiff has provided the Court with a copy of its most recent Form 5500, which is an annual tax form required to be filed with the federal government pursuant to Sections 104 and 4065 of ERISA and certain section of the Internal Revenue Code. (Docket No. 13, filed May 15, 2007). Based on these undisputed representations, the Court finds that the Fund is an "employee welfare benefit plan" within the meaning of ERISA. See Rommel v. First Unum Life Ins. Co., 94-CV-0019, 1995 U.S. Dist. LEXIS 9047, at *6-7 (finding that a long-term disability plan is an employee welfare benefit plan based on allegations, inter alia, that suggested the employer established and maintained the plan).

## CONCLUSION

For the reasons set forth above, the Court finds that the Fund is an "employee welfare benefit plan" as defined by ERISA.

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July 23, 2007
Central Islip, New York